IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT RUEAL AMAYA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:04-CV-775-Y |
| | § | |
| BRETT WESTBROOK, et al. | § | |

ORDER DENYING PLAINTIFF'S MOTIONS FOR COUNSEL AND EXTENSION and,
ORDER RESOLVING MOTIONS TO DISMISS UNDER RULE 12(C)

Now pending before the Court are the motions to dismiss under Federal Rule of Civil Procedure 12(c) of the remaining individual defendants: Chief of Police Theron Bowman, Sergeant D. Depoma, and Lieutenant Tim Canas. Plaintiff Amaya did not timely file any response to the motions, but several weeks later filed a motion for extension of time to respond, and a motion for appointment of counsel. With regard to the motion for appointment of counsel, the Court concludes, as it did with Amaya's prior request for counsel, that as he has displayed a greater ability than most incarcerated litigants, he is not entitled to appointment of counsel. With regard to Amaya's motion for extension of time to file a response to the motions to dismiss, the Court concludes that it must be denied for several reasons. After the filing of the Rule 12(c) motions in September 2007, Amaya had already been granted an extension of time to file a Rule 7 reply, and that reply, filed September 28, 2007, will be considered by the Court. Further, Amaya did not seek an extension of time to respond to the 12(c) motions until January 2008, several months after the filing of the motions. Thus, the motion for extension of time will be denied.

Plaintiff Amaya's pleadings that are subject to the Court's

review are his original form complaint with a handwritten attachment entitled "Statement of Facts," his more definite statement filed in response to this Court's order, and the Rule 7 reply. By these pleadings, Amaya asserts claims against Bowman, Depoma, and Canas for violation of his federal constitutional rights under 42 U.S.C. § 1983. The respective motions under 12(c) seek dismissal of all of Amaya's claims.

The standard for dismissal on a motion for judgment on the pleadings under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).[1] A motion to dismiss for failure to state a claim under Rule 12(b)(6) is generally viewed with disfavor.[2] The court must accept all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.[3] Rule 12 must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] The court cannot look beyond the face of the

---

[1] *Chauvin v. State Farm Fire & Cas. Co.,* 495 F.3d 232, 237 (5th Cir. 2007), *cert den'd,* 128 S.Ct. 1075 (2008); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

[2] *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997).

[3] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996).

[4] FED. R. CIV. P. 8(a); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions).

pleadings in resolving a Rule 12(b)(6) motion.[5] A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal.[6] In other words, he must plead "enough facts to state a claim to relief that is plausible on its face" and his "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[7]

*Official-capacity claims*

Amaya has named Bowman, Depoma, and Canas in both an individual and an official capacity. These defendants do not deny that, at the time of the events made the basis of this suit, they were employed by the City of Arlington, Texas ("Arlington"). Arlington is a separately named defendant in this suit. Claims against an individual government employee in an official capacity are treated as claims against the governmental entity itself.[8] As such official capacity claims against Bowman, Depoma, and Canas are

---

[5] *Baker*, 75 F.3d at 196; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir.1999), *cert. den'd,* 530 U.S. 1229 (2000).

[6] *Schultea v. Wood,* 47 F.3d 1427, 1431 (5th Cir. 1995)(en banc); *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992).

[7] *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1974 (2007)(abrogating *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957), to the extent the Court concluded therein that a plaintiff can survive a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief"); *see also Orrill v. Mortgage Electronic Registration Systems, Inc. et al.,* No.06-10012, 2008 WL 1867706, at *1, (E.D. La. April 24, 2008)(applying *Bell Atlantic* standard to a 12(c) motion.)

[8] *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Brooks v. George County, Mississippi,* 84 F.3d 157, 165 (5th Cir.), *cert. den'd,* 519 U.S. 948 (1996), *citing Hafer v. Melo*, 502 U.S. 21 (1992).

3

redundant to the claims pending against Arlington, they will be dismissed.

*Individual Defendants*

Each defendant has asserted that Amaya has failed to allege claims sufficient to overcome the defense of qualified immunity. Qualified immunity protects government officials performing discretionary functions from personal liability as long as their conduct violates no clearly established constitutional or federal statutory rights.[9] To overcome such an official's immunity from suit, a plaintiff must allege violation of a right so apparent or so obvious that a reasonable official would understand that what he is doing violates that right.[10] When a defendant pleads qualified immunity, as defendants have done, the Court must initially determine whether the plaintiff has asserted a violation of a constitutional or statutory right at all.[11] This is the first prong of a two-prong test. The Court need go no further if the plaintiff has failed to allege that the defendant violated a constitutional or federal statutory right.[12] If a violation is shown, the Court must reach the second prong, which involves essentially two separate inquiries: whether the allegedly violated right was

---

[9]*See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Sorenson v. Ferrie,* 134 F.3d 325, 327 (5th Cir. 1998).

[10]*See Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

[11]*See Saucier v. Katz,* 533 U.S. 194, 201 (2001).

[12]*See Hassan v. Lubbock Indep. Sch. Dist.,* 55 F.3d 1075, 1079 (5th Cir.), *cert. denied,* 516 U.S. 995 (1995).

4

"clearly established" at the time of the incident;[13] and, if so, whether a reasonable government official in the defendant's situation would have understood that his conduct violated that right.[14]

In order for a right to be "clearly established" the contours of the right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful . . . but it is to say that in light of pre-existing law the unlawfulness must be apparent."[15] If the law does not put the defendant on notice that his conduct would clearly be unlawful, judgment based on qualified immunity is appropriate.[16] With regard to the question of whether the defendant's conduct violated a clearly established right, a defendant's "acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution . . . ."[17] As the inquiry "turns only upon the objective reasonableness

---

[13]*See Saucier,* 533 U.S. at 202.

[14]*See Anderson,* 483 U.S. at 641.

[15]*Hope v. Pelzer*, 536 U.S. 730, 739 (2002)(quoting *Anderson,* 483 U.S. at 640); *see also Saucier,* 533 U.S. at 202 ("[T]he right the official is alleged to have violated must have been clearly established in a more particularized, and hence more relevant, sense")(quoting *Anderson,* 483 U.S. at 640).

[16]*Saucier,* 533 U.S. at 202.

[17]*Thompson v. Upshur County,* 245 F.3d 447, 457 (5th Cir. 2001)(citations omitted).

5

of the defendant's acts, a particular defendant's subjective state of mind has no bearing on whether that defendant is entitled to qualified immunity."[18]

*Canas*

With regard to defendant Canas, Amaya alleges that while he was housed in the Arlington city jail on November 3, 2002, he was told by Canas that he could not file a complaint against arresting officer Westbrook, and that when he still went ahead and asked Canas to file such a complaint, Canas placed him in an isolation cell with a loss of privileges. (Compl.; Attachment at ¶¶ 31-34.) Amaya contends that these actions violated his rights under the First Amendment and under the due-process clause of the Fourteenth Amendment. (Compl.; Attachment at ¶ 62.) Amaya also claims that he wrote the internal affairs division of the Arlington police department several months later, and that Canas responded to such inquiry by writing him back with the direction to contact the Tarrant County district attorney's office. (More Definite Statement at 45.) Plaintiff makes no additional allegations against Canas. Defendant Canas has shown in his motion to dismiss at pages 5-8, that such allegations do not state any violations of a constitutional or statutory right. Accoringly, Canas is entitled to qualified immunity and his motion will be granted.

*Bowman*

Amaya's pleadings state few allegations against Police Chief

---

[18]*Id.*

6

Bowman. He makes the conclusory allegation that Bowman had a policy that delayed or prevented him from filing a complaint against one of his subordinate officers, and that failure to allow him to complain resulted in undue punishment and the filing of false charges against him. (Compl.; Attachment at ¶¶ 49-50.) He makes the allegation that Bowman's failure to allow him to complain of the arresting officers' actions resulted in numerous violations of his rights. (Compl. Attachment at ¶¶ 66-67.) But since plaintiff Amaya has not alleged any personal involvement by Bowman, has apparently named Bowman purely by virtue of his position as chief of police of the Arlington police department, and has wholly failed to state any facts--just conclusions--as to Bowman's connection to any of the other events included in the pleadings, Bowman is entitled to dismissal for the reasons stated in his motion at pages 4-8.

*Depoma*

Plaintiff's complaints against Sergeant Depoma arise from an incident on October 25, 2002, where Amaya was detained by Depoma and other officers of the Arlington police department. Specifically, Amaya alleges that after he walked to retrieve his car from the parking lot of a "Playmates" bar at 3:00 a.m., he was approached by officers, asked for identification, searched, and then placed in the back of a patrol car. Amaya alleges that Depoma stood directly in front of the police car door so that he could not

7

leave. (Compl. Attachments at ¶ 6.)[19] He alleges Depoma did so in an intimidating and dominant manner. (More Definite Statement ("MDS") at 4.) Amaya alleges that he refused to sign a "consent to search form" on several occasions, and asked to call a lawyer if he was being placed under arrest or could not leave. (*Id.* at ¶ 10-11; MDS at 4-5.) Amaya alleges he "reluctantly" and "involuntarily" signed the consent to search form at approximately 4:30 a.m. (*Id.* at 12.) He alleges he did so only because he believed he would not be allowed to leave. (MDS at 5.) After the officers searched the car, he was released to leave. Amaya contends the officers used false information to establish false probable cause to justify searching his vehicle. (MDS at 6.) Amaya has included in his more definite statement the report of the Arlington police department recording the events of which he complains. (July 13, 2005, Supplement to MDS Exhibit 1.) In essence, that report indicates that officers approached Amaya because he fit the description of a person consistent with information they had just obtained from another person arrested on the scene due to the presence of a methamphetamine lab in his vehicle. (*Id.*) Amaya challenges several portions of the report in his more definite statement. (*Id.* at 7-11.) Amaya contends that Depoma's actions amounted to: an illegal investigatory detention of him without reasonable suspicion or probable cause; an illegal seizure of his personal property without

---

[19]Although initially named as "John Doe #1," Amaya identified Doe #1 as Depoma in his more definite statement.

reasonable suspicion or probable cause; an illegal custodial interrogation without reasonable suspicion, probable cause or "Miranda" warnings; and a compelled, involuntary signing of the consent-to-search form without reasonable suspicion or probable cause. (September 27, 2007, Rule 7 Reply at 6.)

Depoma argues in his motion that Amaya's claims fail to state a claim for relief under *Terry v. Ohio,* 392 U.S. 1, 30 (1968). An investigative stop is permissible under *Terry* when the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot.[20] In reviewing the validity of the stop, "[c]ourts first examine whether the officer's action was justified at its inception, and then inquire whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop."[21] In order to continue detention after the officers complete the review of a driver's license, insurance papers, and run any computer check on the driver and vehicle, there must be a reasonable suspicion of criminal activity.[22] Further, in reviewing the voluntariness of the consent to search, the Court of Appeals for the Fifth Circuit has listed six factors to consider:

> (1)the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his or her right to refuse consent; (5) the defendant's education and

---

[20]*United States v. Martinez,* 486 F.3d 855, 861 (5th Cir. 2007).

[21]*United States v. Brigham,* 382 F.3d 500, 506 (5th Cir. 2004)(en banc), *citing Terry,* 392 U.S. at 19-20.

[22]*United States v. Santiago,* 310 F.3d 336, 341-42 (5th Cir. 2002).

9

intelligence; and (6) the defendant's belief that no incriminating evidence will be found.[23]

Applying these standards to the facts as alleged by Amaya leads to the conclusion that he has stated a claim for relief sufficient to withstand a motion to dismiss. Thus, defendant Depoma's motion to dismiss on the basis of qualified immunity must be denied.[24]

The Court notes, however, that defendant Depoma has also sought through the motion to dismiss to limit Amaya's claims for recovery of compensatory damages. As a part of the Prison Litigation Reform Act, Congress placed a restriction on a prisoner's remedies unless there is a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[25] The Court of Appeals for the Fifth Circuit has determined that this provision, absent physical injury, bars recovery of damages for mental or emotional injury allegedly resulting from a violation of a constitutional right:

> We agree with the majority of the other federal circuits

---

[23]*United States v. Kelly,* 981 F.2d 1464, 1470 (5th Cir.), *cert den'd,* 508 U.S. 944 (1993)(quoting *United States v. Olivier-Becerril*, 861 F.2d 424, 426 (5th Cir.1988)).

[24]Depoma also argues that as he was initially identified as only a John Doe defendant and was not identified by name and served until after the two-year statute of limitations had expired. But during some of the relevant periods, Amaya was awaiting the Court's screening of his pleadings and then authorization of service of process under 28 U.S.C. 1915A and 1915(e)(2)(b). Thus, Depoma's motion to dismiss on the basis of limitations is denied.

[25]42 U.S.C.A. 1997e(e)(West 2006).

> that have addressed this issue in holding that it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury. Thus, as the district court correctly held, Geiger's failure to allege physical injury falls squarely under § 1997e(e)'s bar, precluding his recovery of compensatory damages for emotional or mental injuries allegedly suffered as a result of the purported First Amendment violation.[26]

Amaya has not alleged any physical injury as a result of the claimed violations of his rights by Depoma. Thus, Amaya is not entitled to recover damages for his alleged mental and emotional injuries. Any claim for compensatory damages for mental or emotional injury is barred under 42 U.S.C. § 1997e(e), and must be dismissed for failure to state a claim.

Therefore:

Plaintiff Amaya's motion for appointment of counsel [docket no. 63] is DENIED.

Amaya's motion for extension of time [docket no. 64] is DENIED.

Defendant Theron Bowman's motion to dismiss under Federal Rule of Civil Procedure 12(c)[docket no. 53] is GRANTED.

The motion of defendant Tim Canas to dismiss under Federal Rule of Civil Procedure 12(c)[docket no. 54] is GRANTED; the motion of defendant Sergeant Depoma to dismiss under Federal Rule of Civil Procedure 12(c) is GRANTED only to the extent that Amaya is barred

---

[26]*Geiger v. Jowers,* 404 F.3d 371, 375 (5th Cir. 2005)(citations omitted).

11

from recovering from Depoma any compensatory damages for mental or emotional injury under 42 U.S.C. § 1997e(e), otherwise, Depoma's motion to dismiss is DENIED.

All of Plaintiff's claims against Theron Bowman and Tim Canas are DISMISSED WITH PREJUDICE; and all of Plaintiff's claims against

Sergeant Depoma for mental or emotional injury are DISMISSED WITH PREJUDICE.

SIGNED May 14, 2008.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE